UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUMMER TURNER, | CASE NO. C22-124 RSM |
| Plaintiff, | ORDER |
| v. | |
| MARY PLACE, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff Summer Turner, representing herself, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. Plaintiff's proposed complaint has been docketed, but summonses have not been issued. Dkt. #5. Reviewing the matter of its own accord, the Court finds Plaintiff's complaint deficient and directs Plaintiff to file an amended complaint satisfying federal pleading standards. Failure to do so will result in dismissal of this action.

**II. BACKGROUND**

Plaintiff seeks to sue several entities that provide housing assistance in the Seattle area.[1] She alleges that in February 2019 she "was kidnapped and dropped off in Colorado Springs"

---

[1] Specifically, Plaintiff names "Mary Place," "Elizabeth Gregory," "Share Wheel," and "Hospitality House." Dkt. #5 at 2–3. Plaintiff appears to reference: (1) Mary's Place Seattle,

ORDER – 1

where she was raped or subjected to medical negligence. *Id.* at 5. She alleges that after reporting the incident(s) to "Shelter Authorities," presumably the defendants, she "was denied any assistance and (prevented a change to abortion) refused assistance or information to help" herself. *Id.* After finding no assistance from defendants, Plaintiff alleges that she endured "online harassment/hacked [and was] verbally and mentally abused" and that her "child [was] abused and neglected while I was wrongful abused no work or assistance/and degraded slept outside due to being attach with 4 month [sic] child." *Id.* at 6. Plaintiff indicates the amount in controversy is $3,350,000 and relates her damages to "rape child out of wedlock forced sex traffing [sic] used as bait retaliation homelessness (2018 – 22) attempted murder." *Id.* at 5.

Plaintiff subsequently filed a second complaint that was docketed as a separate case. *See Turner v. Mary Place*, Case No. 22-cv-00356-RSM (W.D. Wash. 2022) ("*Turner II*"). Plaintiff makes clear that she intends her second complaint to duplicate her first.[2] *Turner II*, Dkt. #8 at 3 (referencing her first case and indicating that "this is me reapplying since no one returned my calls . . . or told me my court date"). As a result, Plaintiff's allegations appear substantively duplicative. However, she names only Mary's Place as a defendant, alleging that she was "push [sic] kicked beaten robbed" after "1 month 3 weeks [of] being" at Mary's Place. *Id.* at 6. She blames Mary's Place staff, indicating that a particular staff member "tried to get clients to jump me (beat me) for her [and] refuse to give her name." *Id.* at 6. As a result, Plaintiff alleges that she and her infant were in a car crash, that she was beaten, and that she and her child were both

---

720 Blanchard St., Seattle, WA, 98121-1900; (2) Elizabeth Home, 1604 NE 50th St, Seattle, WA, 98105-4223; (3) Seattle Housing and Resource Effort, 1902 2nd Ave., Seattle, WA 98101-1155; and (4) Hospitality House, 1419 SW 150th St., Burien, WA, 98166-1712.

[2] By separate order the Court dismisses Plaintiff's second complaint.

ORDER – 2

"forced to sleepoutside [sic]." *Id.* at 7.  Plaintiff's second complaint seeks relief of "10,000 Hugh Donso Turner" and "12,000 Summer Turner." *Id.*

### III. DISCUSSION

Federal Rules of Civil Procedure 8(a) and 12(b), and cases applying those rules, require that a complaint adequately state a claim for relief.  To state a claim, a complaint must include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought."  FED. R. CIV. P. 8(a)(1)–(3).  No technical form is required, but a complaint will be considered insufficient if it "lack[s] . . . a cognizable legal theory or . . . sufficient facts alleg[ing that] cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* FED. R. CIV. P. 8(a)(2).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted).

Further, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at

ORDER – 3

678 (citing *Twombly*, 550 U.S. at 556, 557). Absent facial plausibility, a plaintiff's claims must be dismissed.

Plaintiff's complaint ultimately fails to state a claim under the applicable standards. Plaintiff does satisfy an initial hurdle, properly invoking the Court's "federal question" jurisdiction by alleging violations of her constitutional rights.[3] *See* Dkt. #5 at 3 (referencing U.S. Const. amends. I ("Freedom of Religion"), V ("Self incrimination [sic]" and "Right against taking"), VIII ("cruel and unusual punishment"), XIII ("13th Abolition of Slavery"), and XIV ("14 Protects rights against interfering")). But Plaintiff does not point to any legal authority recognizing her right to pursue direct claims and fails to adequately plead claims under 42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), *cert denied*, 506 U.S. 1081 (1993) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983") (citations omitted). Section 1983 provides a cause of action against persons who violate constitutional rights while acting under the color of state law. 42 U.S.C. § 1983. But Plaintiff seeks to pursue her claims against private entities that, without additional allegations, cannot be said to be acting under the color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991); *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

---

[3] The jurisdiction of federal district courts is limited, with requisite exceptions, to (1) cases "arising under the Constitution, laws, or treaties of the United States" and (2) cases "where the matter in controversy exceeds the sum or value of $75,000" and is between diverse parties, i.e., citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff did not check either box on the model complaint form she used. *See* Dkt. #5 at 3. But Plaintiff clearly does not allege that the Court has jurisdiction based on the diversity of the parties as she alleges that all parties are citizens of Washington. *See id.* at 1–3.

ORDER – 4

Still more fundamentally, Plaintiff's complaint does not satisfy Rule 8's requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Plaintiff's allegations are slim and do not adequately explain how the named defendants played a part in her kidnaping or sexual assault. Plaintiff does not provide particulars of when and where she interacted with each of the named defendants or expound on the events damaging her and her child. At best, Plaintiff alleges that the defendants failed to help her but does not provide any details of why they were obligated to provide the assistance she needed. In short, Plaintiff's complaint consists of the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," the "labels and conclusions" or " formulaic recitation of the elements of a cause of action," and the "naked assertion[s]" devoid of "further factual enhancement" that the Supreme Court has held are insufficient under Rules 8(a) and 12(b)(6). *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

Accordingly, the Court hereby finds and ORDERS that Plaintiff must file an Amended Complaint **no later than twenty-one (21) days from the date of this Order**. Plaintiff's Amended Complaint must include a short and plain statement demonstrating that she can pursue claims falling within this Court's subject matter jurisdiction, including the facts (the who, what, when, and where) that establish her entitlement to relief on these claims against these defendants. **Failure to file an Amended Complaint will result in dismissal of this case**. The Clerk is requested to send a copy of this Order to Plaintiff at 720 Blanchard St., Seattle, WA  98121.

DATED this 7th day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5